IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| RODERICK HOWARD<br><br>Plaintiff,<br><br>vs.<br><br>EXPRESS PROFESSIONAL EMPLOYMENT,<br><br>Defendant. | 3:23-cv-00061-SHL-HCA<br><br>**REPORT AND RECOMMENDATION** |

**I.     BACKGROUND**

On October 31, 2024, the Court granted in part and denied in part Defendant Express Professional Employment's ("Express") motion to compel and extend discovery deadlines, ECF No. 28. In the Order, the Court cautioned Plaintiff Roderick Howard ("Howard"), "If Howard fails to satisfactorily comply with this Order in its entirety, Express may file a motion for appropriate sanctions, including, but not limited to, attorneys' fees and dismissal of the case with prejudice." *Id*. at 5. On November 8, 2024, Express filed a motion to dismiss, ECF No. 29, alleging Howard "did not supplement his deficient discovery responses, produce any documents, or sign authorizations." At 3.  Express characterizes Howard's response to the Court's order as "radio silence." *Id*. The Court entered an order accelerating Howard's deadline to respond to the motion to dismiss by November 15, 2024. ECF No. 30. Plaintiff Howard did not file a response.

**II.    ANALYSIS**

Federal Rule of Civil Procedure 37(b)(2)(A) provides in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action." It is within the Court's discretion

1

to dismiss a case pursuant to Federal Rule of Civil Procedure 37. *Stribling v. Ark. State Hosp.*, 459 Fed. Appx. 578, 578 (8th Cir. 2012) (per curiam) ("the dismissal was not an abuse of discretion: after being warned that failure to comply with the court's discovery order could result in dismissal of her action, [Plaintiff] failed to provide full and complete discovery responses"); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("A district court has wide latitude in imposing sanctions for failure to comply with discovery, and this court will reverse a decision to dismiss under Rule 37(d) only if the court abused its discretion.") (citing *Farnsworth v. City of Kansas City*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam)); *see also Mally v. Muscatine Logistics, LLC.*, No. 3:21-CV-00018-SMR-HCA, 2022 WL 22703801, at *1 (S.D. Iowa Mar. 7, 2022); *Collins v. Anderson*, No. 4:18-CV-00163-JEG-CFB, 2020 WL 13688784, at *1 (S.D. Iowa Jan. 27, 2020), report and recommendation adopted, No. 4:18-CV-00163-JEG, 2020 WL 13688783 (S.D. Iowa Feb. 11, 2020).

Dismissal as a sanction under Federal Rule of Civil Procedure 37(b) is appropriate "only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000) (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). The Court must then determine if a lesser sanction is more appropriate than dismissal. *Id.* at 941 (citing *Baker v. Gen. Motors Corp.*, 86 F.3d 811, 817 (8th Cir. 1996), rev'd on other grounds, 522 U.S. 222 (1998)); *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 991 (8th Cir. 2014) (quoting *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014)).

The Court entered an order compelling discovery on October 31, 2024, and Howard neither produced the required discovery nor filed any response indicating why he was not unable to. This is not the first time Express has sought court intervention to obtain discovery from Howard. On

January 22, 2024, Express served Interrogatories and Requests for Production of Documents on Howard. ECF No. 22-1 at 2. Howard did not respond by the deadline of February 21, 2024. *Id.* at 3. On April 5, 2024, Express filed a status report informing the Court Howard had still not responded to the discovery requests. ECF No. 14. The Court discussed the lack of discovery responses at the April 9, 2024, status conference and entered a text order requiring Howard to respond:

> By no later than 5/1/2024, plaintiff shall serve responses to defendant's interrogatories and requests for production. Based upon the discussion at the 4/9/2024 status conference, and because plaintiff's responses are 48 days past due, the Court finds plaintiff has waived his objections to the discovery requests. *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2). The Court cautions plaintiff that any failure to cooperate with his attorney and or failure to provide responses to defendant's discovery requests may result in sanctions, including possible dismissal of plaintiff's claims.

*See* Fed. R. Civ. P. 37(b); LR 41(a)(4). ECF No. 16. Howard served his discovery answers on Express on May 1, 2024. ECF No. 17.

In its motion to compel, Express characterized Howard's discovery responses as "minimal and/or incomplete," pointing to a singular page document professed to be responsive to all document production requests as a prime example. ECF No. 22-1 at 3. On July 3, 2024, Express's counsel sent Howard a deficiency letter identifying the specific deficiencies and additional information requested. *Id.* at 7–8. The letter also sought supplementation by July 15, 2024. *Id.* Howard's counsel did not respond to the deficiency letter. *Id.* at 7. On August 8, 2024, Express's counsel again requested the supplementation of discovery and received no response from Howard's counsel. *Id.* On August 30, 2024, Express's counsel emailed Howard's counsel attempting to meet and confer on the deficient discovery issue and again received no response from Howard's counsel. *Id.* There is no doubt Howard's lack of response is willful at this stage of the discovery process.

Finally, Express has faced, and if not dismissed would continue to face, prejudice form Howard's complete non-engagement in the discovery process. As Express explains, "Put simply, Plaintiff's dilatory, noncompliant conduct unfairly forces Express to continue expending resources on an action that Plaintiff apparently does not intend to pursue." ECF No. 29-1 at 6.

The Court also agrees with Express that there is no lesser sanction that would be appropriate—if multiple warnings could not encourage Howard to engage in the discovery process it is hard to imagine what other sanction could possibly entice Howard to participate in litigating the lawsuit he filed. *See Edgar v. Slaughter,* 548 F.2d 770, 772 (8th Cir. 1977) ("The Supreme Court and this court have strongly indicated that the harsh remedies of dismissal and default should only be used when the 'failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.'"(quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958); and *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1211 (8th Cir. 1973)).

### III.     CONCLUSION

IT IS RESPECTFULLY RECOMMENDED that Defendant's Motion to Dismiss, ECF No. 29, be **granted** as more fully set forth above.

IT IS ORDERED that the parties have until **December 6, 2024,** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*,

474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

Dated November 22, 2024.

_____
Helen C. Adams
U.S. Magistrate Judge